(C.D. 4292)

MATSUSHITA ELECTRIC INDUSTRIAL COMPANY, LTD., ET AL.

*v.*

THE UNITED STATES TREASURY DEPARTMENT ET AL

Port of New York, Court No. 71-07-00467

(Dated November 3, 1971)

*William R. Shapiro* and *Weil, Gotshal & Manges* for the plaintiffs.
*L. Patrick Gray, III*, Assistant Attorney General, for the defendants.

RAO, *Judge:* On July 1, 1971, plaintiffs filed with this court a "Summons" stating that "a civil action, seeking mandatory, injunctive and declaratory relief, has been filed in the Customs Court to contest acts of the defendants, taken under the Antidumping Act of 1921, as amended (19 U.S.C. § 160 *et seq.*), in the case entitled Television Receiving Sets, Monochrome and Color, From Japan (ATS 643.3; AA 1921-66)."

In a "Petition for Mandatory, Injunctive and Other Relief," filed on the same day, plaintiffs request this court to enter an order vacating all determinations and findings in the television antidumping proceeding, dismissing the proceeding, enjoining defendants from taking any further action in connection therewith, and declaring the invalidity and unconstitutional nature of the proceeding; or, to enter an order declaring the invalidity and unconstitutional nature of the proceeding and vacating the dumping determination and requiring defendants to conduct the proceeding in the manner requested.

Presently before the court are two separate motions made by defendants pursuant to the provisions of Rules 4.7(b) and 4.12 of the Rules of the United States Customs Court.

The first motion is to quash and dismiss the summons and the civil action on the ground that the jurisdiction of this court has not been properly invoked.

The second motion is to strike the certificates of service of the "Petition" or complaint and the affidavit of service of the summons and petition on the ground that service had not been effectuated in conformity with Rules 4.3(a), 4.1 and 3.2(e) of the Rules of the Court.

This case involves antidumping proceedings conducted by the Bureau of Customs and the Tariff Commission which culminated in a

finding by the Secretary of the Treasury that television receiving sets, monochrome and color, from Japan are being, or are likely to be, sold at less than fair value within the meaning of section 201(a) of the Antidumping Act of 1921, as amended. 5 Cust. Bull. —, T.D. 71–76 (1971). Accordingly, they are subject to dumping duties under the Antidumping Act. However, no such duties have as yet been levied. The gravamen of plaintiffs' complaint is that in the course of the proceedings, defendants have exceeded their statutory authority, have deprived plaintiffs of their right to a fair and impartial administrative adjudication and have denied them minimum procedural rights guaranteed by the due process clause of the Constitution and the Administrative Procedure Act. It is alleged that plaintiffs have suffered irreparable injury and have no adequate remedy except the specific judicial relief sought in this action.

Plaintiffs concede that the summons does not comply with formal requirements of a summons in a protest proceeding, as provided in Rule 3.4 of the Rules of this Court, and that their pleadings cannot and are not intended to comply with the Rules of the Court. It is their claim, rather, that the jurisdiction of this court may be invoked under the All Writs Act, 28 U.S.C. § 1651, which provides:

§ 1651. Writs.

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

Thus, leaving technical considerations aside, the court is presented with the novel issue as to whether it may under the All Writs Act grant injunctive and declaratory relief in a case where no duties have been assessed and no protest filed or denied.

This is a court of limited statutory jurisdiction which has no equity powers. *Cummins-Collins Distilleries* v. *United States*, 20 Cust. Ct. 93, 97, C.D. 1090 (1948), aff'd 36 CCPA 88, C.A.D. 403 (1949) ; *Eurasia Import Co., Inc.* v. *United States*, 31 CCPA 202, C.A.D. 273 (1944). In *Match Import Co., Inc.* v. *United States*, 4 Cust. Ct. 694, Reap. Dec. 4762 (1940), it was pointed out (p. 696) :

The United States Customs Court is a statutory court of special and limited jurisdiction. It is the court exercising original jurisdiction in tariff matters to the exclusion of all other courts. It is the tribunal established by Congress providing a complete system of corrective justice for the administration of customs laws. (*David L. Moss Co., Inc.* v. *United States*, 103 Fed. 2nd, 395.) Although its jurisdiction covers a wide scope, to include almost every legal controversy arising between an importer and the Government with respect to the rate assessable upon and the dutiable value of imported merchandise, nevertheless such ju-

risdiction is necessarily subject to the restrictions imposed by the various provisions of the Tariff Act of 1930.

Declaratory judgment and injunctive remedies are equitable in nature (*Abbott Laboratories* v. *Gardner*, 387 U.S. 136, 155 (1967)) and have not been considered within the purview of this court. *Eurasia Import Co., Inc.* v. *United States, supra.*

The Customs Courts Act of 1970 (84 Stat. 274) has set forth the jurisdiction of the Customs Court as follows:

§ 1582. Jurisdiction of the Customs Court

(a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves: (1) the appraised value of merchandise; (2) the classification and rate and amount of duties chargeable; (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; (4) the exclusion of merchandise from entry or delivery under any provisions of the customs laws; (5) the liquidation or reliquidation of an entry, or a modification thereof; (6) the refusal to pay a claim for drawback; or (7) the refusal to reliquidate an entry under section 520(c) of the Tariff Act of 1930, as amended.

(b) The Customs Court shall have exclusive jurisdiction of civil actions brought by American manufacturers, producers, or wholesalers pursuant to section 516 of the Tariff Act of 1930, as amended.

(c) The Customs Court shall not have jurisdiction of an action unless (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, or if the action relates to a decision under section 516 of the Tariff Act of 1930, as amended, all remedies prescribed therein have been exhausted, and (2) except in the case of an action relating to a decision under section 516 of the Tariff Act of 1930, as amended, all liquidated duties, charges or exactions have been paid at the time the action is filed.

As to antidumping proceedings, it is stated in 19 U.S.C. § 169, as amended:

§ 169. Protests from determinations of customs officers

For the purposes of sections 160 to 171 of this title, the determination of the appropriate customs officer as to the foreign market value or the constructed value, as the case may be, the purchase price, and the exporter's sales price, and the action of such customs officer in assessing special dumping duty, shall have the same force and effect and be subject to the same right of protest, under the same conditions and subject to the same limitations; the United States Customs Court, and the Court of Customs and Patent Appeals shall have the same jurisdiction, powers, and

duties in connection with such appeals and protests as in the case of protests relating to customs duties under existing law.

Under predecessor statutes, where questions involving the assessment of duties under the Antidumping Act have been brought before this court by way of an appeal for reappraisement or by protest, it has accepted jurisdiction. *United States* v. *Elof Hansson, Inc.*, 48 CCPA 91, C.A.D. 771 (1960), cert. den. 368 U.S. 899 (1961); *Ellis K. Orlowitz Co.* v. *United States*, 50 CCPA 36, C.A.D. 816 (1963); *United States* v. *William Prym of America (Inc.)*, 17 CCPA 180, T.D. 43475 (1929); *James S. Kean* v. *United States*, 20 CCPA 388, T.D. 46186 (1933). In such cases it may review the actions of the Secretary of the Treasury and the Tariff Commission to determine whether the procedures prescribed by Congress have been followed and whether the Secretary, the Tariff Commission, or their delegates have proceeded within the statutory authority or whether their actions are *ultra vires* and void. *Kleberg & Co. (Inc.)* v. *United States*, 21 CCPA 110, T.D. 46446, 71 F.2d 332 (1933); *United States* v. *Elof Hansson, Inc., supra; City Lumber Co. et al.* v. *United States*, 64 Cust. Ct. 826, A.R.D. 269, 311 F. Supp. 340 (1970) (appeal pending).

The case here, however, is outside the framework of the general statutory scheme for customs litigation and the question is whether this court has any authority to entertain it.

In actions brought in the district courts for equitable relief, it has been consistently held that the importer has an adequate remedy at law in the Customs Courts and that equitable relief is barred. *Kreutz et al.* v. *Durning*, 69 F. 2d 802 (1934); *Cottman Co. et al.* v. *Dailey*, 94 F. 2d 85 (1938); *Horton* v. *Humphrey*, 146 F. Supp. 819 (1956), aff'd 352 U.S. 921 (1956); *J. C. Penney Company, Inc.* v. *United States Department of the Treasury*, 319 F. Supp. 1023 (1970), aff'd 439 F. 2d 63 (1971), cert. den. 404 U.S. 869 (1971).

In the *Cottman* case, the court said (pp. 88, 89):

* * * Congress has provided a complete system of corrective justice with respect to matters arising under the customs laws. * * * * * * The mere fact that the act of Congress is alleged to be unconstitutional or the imposition of the duty beyond the statutory power of the Secretary of the Treasury or his assistants does not present a case for equitable interference where such legal remedy is provided. * * *

In *Horton* v. *Humphrey, supra*, the court said (p. 821):

We recognize, of course, that neither the Customs Court nor the Court of Customs and Patent Appeals appears to have the equity powers of a district court. * * * Thus in import duty matters, if the jurisdiction of the Customs Court and the Court of Customs and Patent Appeals is exclusive, there may be no way to obtain the equitable relief in situations of extreme hardship which

the Supreme Court has occasionally permitted in internal revenue cases despite the statute flatly prohibiting injunctions in tax matters. * * * Since the threat of imposition of the dumping duty is alleged by the complaint to have forced plaintiffs out of the business of importing the type of pipe involved, the case might—as an original proposition—fall within the exceptions the Supreme Court has carved in this statute, even though (as we have noted) plaintiffs would not have to pay the additional duty until they had exhausted their remedy in the Customs Court and in the Court of Customs and Patent Appeals. But we think it is too clearly established that those courts provide an adequate and exclusive remedy in this sort of case for us to make an exception here.

As pointed out in *Kreutz et al.* v. *Durning, supra,* an importer brings his goods into the United States at his peril and takes his chances on a finding of dumping being made.

Since district courts have declined jurisdiction in cases similar to this one, plaintiffs here are seeking to obtain injunctive and declaratory relief in this court on the authority of the All Writs Act.

The purpose of the All Writs Act is to assure to the various federal courts the power to issue appropriate writs and orders of an auxiliary nature in aid of their respective jurisdictions as conferred by other provisions of law. *In re Previn et al.,* 204 F. 2d 417 (1953). It presupposes existing complete jurisdiction and does not contain a new grant of judicial power. *United States* v. *First Federal Savings & Loan Ass'n,* 248 F. 2d 804 (1957) ; *Benson* v. *State Board of Parole & Probation et al.,* 384 F. 2d 238 (1967) ; *Longview Tugboat Company* v. *Jameson,* 218 F. 2d 547 (1955) ; *Stafford* v. *Superior Court of California, etc.,* 272 F. 2d 407 (1959).

Plaintiffs claim, nevertheless, that since this court could, at a later stage, be called upon to review the dumping determination, after dumping duties have been assessed, a protest denied and a civil action brought under 28 U.S.C. § 1582, the All Writs Act may be invoked in aid of its prospective jurisdiction. Plaintiffs rely on *FTC* v. *Dean Foods Co.,* 384 U.S. 597 (1966), and cases cited. There it was pointed out that jurisdiction under the All Writs Act extends to cases which are potentially within the appellate jurisdiction of a court although no appeal has been perfected. From this plaintiffs reason that the power has been conferred upon the Customs Court on the ground that this court may be called upon to review the administrative actions of the Treasury Department and the Bureau of Customs. However, this is not appellate jurisdiction nor does the court have supervisory powers over customs or treasury officials. *Borneo Sumatra Trading Co., Inc.* v. *United States,* 56 Cust. Ct. 166, 175, C.D. 2624 (1966), aff'd on rehearing 64 Cust. Ct. 185, C.D. 3980, 311 F. Supp 326 (1970). There is a

wide difference, moreover, in an appellate court's exercise of power under the All Writs Act where a lower court already has jurisdiction of the subject matter of the action and an appeal in the particular case is likely, and the situation here where dumping duties may, or may not, be assessed, and where if assessed, some one, not necessarily the present plaintiffs, may protest the assessment and bring an action in this court.

Plaintiffs' claim that granting the relief requested in their petition would aid the jurisdiction of the court, is untenable. This court will have complete jurisdiction over the administrative decision assessing dumping duties, including the legality of all orders and findings entering into the same whenever a case is properly brought before it under 28 U.S.C. §§ 1582 and 2632. It is not now in need of any aid nor does it appear how vacating the proceedings or enjoining the assessment of duties could *aid* its jurisdiction.

In a recent case, *Equal Employment Opportunity Commission* v. *Woolco Department Store*, 321 F. Supp. 811 (1971), plaintiff brought suit seeking injunctive and other relief against the defendant for alleged unfair employment practices. Defendant moved to dismiss the action for lack of jurisdiction and on the ground that plaintiff did not have standing to sue.

The complaint asserted that jurisdiction was based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the All Writs Act, 28 U.S.C. § 1651(a). Title VII provides that the district court shall have jurisdiction over actions brought by persons claiming to be aggrieved by the alleged unlawful employment practice and who have complied with the prescribed procedures, and actions brought by the Attorney General against persons engaging in a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII. The action in the case cited was not brought by an aggrieved party nor the Attorney General, but plaintiff [EEOC] contended that its authority derived from the inherent right and power which a government agency has to protect itself and its jurisdiction and that under the All Writs Act, the court has jurisdiction to issue such orders as might be necessary to protect its own jurisdiction. The court held that the only proceedings which the Commission was authorized to bring were those specifically set out in Title VII and that the All Writs Act did not operate to confer jurisdiction where none otherwise existed because said act may be invoked by the court only in aid of jurisdiction which it already has.

The jurisdiction of the Customs Court has always been limited and the recent legislation has clearly delineated it. Actions may be instituted by any person whose protest has been denied by the appropriate customs officer or in certain cases by American manufacturers,

producers, or wholesalers. 28 U.S.C. § 1582 (a) and (b). Plaintiffs here do not fit into any of these categories. It is further stated that the Customs Court shall not have jurisdiction of any action unless (1) a protest has been filed and denied or the remedies open to American manufacturers have been exhausted and (2) the liquidated duties, charges or exactions have been paid. 28 U.S.C. § 1582(c). These conditions have not been met here. Certainly, the general language of the All Writs Act cannot be construed to confer jurisdiction where Congress has not only not provided for it but has in effect denied it. The purpose of the recently enacted Customs Court Act of 1970 was to improve and modernize the judicial machinery in the customs courts. Had Congress intended to confer equitable jurisdiction on them or authority to entertain a petition such as this one, it would have done so. The All Writs Act may not be read so as to grant to this court a whole new line of jurisdiction which legislation specifically relating to it has prohibited.

The arguments and authorities presented by the plaintiffs in the instant case are not persuasive that this court should do, by judicial fiat, what Congress has clearly not provided for by legislative mandate. Therefore, defendants' motion to quash and dismiss the summons and civil action for lack of jurisdiction is granted.

In view of the dismissal of the action for lack of jurisdiction of the subject matter, the questions raised in defendants' second motion, to strike the certificate of service of the petition and the affidavit of service of the summons and petition on the ground that service had not been effectuated in conformity with the Rules of this Court, are moot. That motion is denied.