60 CCPA

**MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. and Matsushita Electric Company of America, Appellants,**

v.

**The UNITED STATES TREASURY DEPARTMENT et al., Appellees.**

Customs Appeal No. 5496.

United States Court of Customs and Patent Appeals.

Feb. 1, 1973.

Ira M. Millstein, A. Paul Victor, Marshall C. Berger, New York City, (Weil, Gotshal & Manges, New York City), attorneys of record, for appellants.

E. Grey Lewis, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Frederick L. Ikenson, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

PER CURIAM.

This appeal is from the order and accompanying memorandum of the United States Customs Court, Matsushita Electrict Industrial Co., Ltd. v. The United States Treasury Department, 67 Cust.Ct. 328, C.D. 4292 (1971), granting appellees' motion to quash and dismiss a summons and civil action on the ground that the jurisdiction of the Customs Court had not been properly invoked. The civil action was commenced by a "Petition for Mandatory, Injunctive and Other Relief," filed in the Customs Court requesting an order of that court vacating all determinations and findings in the antidumping proceeding entitled Television Receiving Sets, Monochrome and Color, From Japan (ATS 643.3; AA1921–66), dismissing the proceeding, enjoining appellees from taking any further action in connection therewith, and declaring the invalidity and unconstitutional nature of the proceeding, vacating the

dumping determination, and requiring appellees to conduct the proceeding in a manner requested. The proceedings conducted by the Bureau of Customs and the Tariff Commission culminated in a finding by the Secretary of the Treasury that the television sets are being, or are likely to be, sold at less than fair value within the meaning of section 201(a) of the Anti-Dumping Act of 1921, as amended, thus making the sets subject to dumping duties. However, no such dumping duties have been levied, and accordingly no protest has been filed or denied. The claim for jurisdiction of the Customs Court was made under the All Writs Act, 28 U.S.C. § 1651.

We have considered the order and accompanying memorandum of the Customs Court and find ourselves in agreement therewith.

The order of the Customs Court is affirmed.

Affirmed.

BALDWIN, Judge (concurring).

The relief sought by appellants is summarized in their brief as follows:

> [Appellants'] petition sought: (a) an order vacating all determinations and findings in the aforementioned anti-dumping proceeding, dismissing the proceeding and enjoining defendants from taking any further action in connection therewith, and declaring the invalidity and unconstitutional nature of the proceeding; or (b) an order declaring the invalidity and unconstitutional nature of the proceeding and vacating the dumping determination, and requiring appellees to conduct the proceeding in the manner required by law and the Constitution * * *.

Appellants are in effect asking the Customs Court to exercise jurisdiction in the nature of mandamus, similar to the jurisdiction granted the United States District Courts by the Mandamus Act of 1962, 28 U.S.C. § 1361. A proposal was made during the pendency of the Customs Court Act of 1970 that such jurisdiction should be conferred on the Customs Court, but the proposed provision was never enacted. See Hearings on S. 2624 before Subcom. No. 3 of the House Comm. on the Judiciary, 91st Cong., 2d Sess., ser. 13, at 254–55 (1970) ; Hearings on S.2624 before the Subcomm. on Improvements in Judicial Machinery of the Senate Comm. on the Judiciary, 91st Cong., 1st Sess., at 205 (1969).

The Customs Court was clearly correct in holding that the relief sought here is not within the powers granted it under the All Writs Act. I agree with the majority opinion and join in its endorsement of the Customs Court's well-reasoned memorandum.