Russell Stanfield DEXTER

v.

UNITED STATES.

C.R.D. 77–1; Court No. 76–3–00817.

United States Customs Court.

Jan. 11, 1977.

18. It is by now "axiomatic" that samples are potent witnesses.

Doherty & Melahn, Boston, Mass. (William E. Melahn, Boston, Mass., of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen., Washington, D. C. (Bernard J. Babb and Mark K. Neville, Jr., New York City, trial attys.), for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

This is the latest case to draw attention to the precise and narrow jurisdictional limits within which this court operates. In essence, plaintiff wants the court to compel defendant to liquidate (within 15 days of the proposed order or 15 days of entry of the merchandise) all present and future entries of plaintiff's merchandise of the type involved in this action and to further compel defendant to act on any resulting protests within 15 days of receipt. In short, plaintiff wants defendant to do those acts which must be done in order for this court to obtain jurisdiction under 28 U.S.C. § 1582.[1]

Plaintiff seeks this relief to remedy what it considers a deprivation of due process of law brought about by defendant's failure to liquidate its entries until long after plain-

---

1. 28 U.S.C. § 1582 in pertinent part reads as follows:

    (a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, * * *.

    *    *    *    *    *    *

    (c) The Customs Court shall not have jurisdiction of an action unless (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, * * * and * * * all liquidated duties, charges or exactions have been paid at the time the action is filed.

tiff has paid the additional duties. Plaintiff characterizes the liquidations as purely ministerial acts which do nothing but delay judicial review of the earlier substantive decision of the appropriate customs officer.

Plaintiff cites the All Writs Act, 28 U.S.C. § 1651(a),[2] as the source from which this court derives the power to grant it relief from the constitutional deprivation it claims.

■ The All Writs Act does not give this court jurisdiction to require anyone to satisfy the preconditions of jurisdiction. It only gives the court instruments with which to effectuate existing jurisdiction. This is clear from the language of the act itself as well as from recent case law. In *Matsushita Electric Industrial Company, Ltd., et al. v. United States Treasury Department et al.*, 67 Cust.Ct. 328, C.D. 4292 (1971), aff'd, 485 F.2d 1402, 60 CCPA 85, C.A.D. 1086 (1973), *cert. denied*, 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53 (1973), the plaintiff sought injunctive and declaratory relief in this court with respect to a finding by the Secretary of the Treasury that certain television sets imported from Japan were being sold at less than fair value, a finding which upon entry would make them subject to dumping duties under the Antidumping Act of 1921, as amended. The simple fact that the requirements of 28 U.S.C. § 1582 were not met, i. e. no liquidated duties had yet been paid and no protest filed and denied, was held to preclude the exercise of jurisdiction by the court.

■ Plaintiff seeks to draw a distinction between the *Matsushita* case, viewed as a complete avoidance of the steps of liquidation and protest and the relief sought here, characterized as being in aid of this action (76–3–00817) in which jurisdiction already exists and is undisputed. But this action in reality only covers one specific liquidated entry and has no legal connection to the entries for which relief is sought. As to those entries, the assertion of jurisdiction to issue the proposed order would bypass the liquidation and protest as certainly as was attempted in the *Matsushita* case. The *Matsushita* rationale remains equally applicable here. Until the entries are liquidated and protests denied this court has no jurisdiction over them, not even by way of its jurisdiction over another entry of exactly the same merchandise.

■ Plaintiff also seeks to draw an analogy to the use of the All Writs Act by an appellate court to exercise jurisdiction over cases within its potential jurisdiction even though no appeal has been perfected. That, however, is a distinct and exceptional circumstance which comes about as a result of the supervisory powers of an appellate court and it is limited to those courts. See, for example, *FTC v. Dean Foods Co.*, 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). The general rule is that the All Writs Act does not enlarge the jurisdiction of a court. *Benson v. State Board of Parole & Probation*, 384 F.2d 238, 239 (C.A. 9 1967), *cert. denied*, 391 U.S. 954, 88 S.Ct. 1860, 20 L.Ed.2d 869 (1968).

■ In the absence of jurisdiction I do not reach the merits of plaintiff's claim that the lack of a time limit on liquidation is a deprivation of due process of law. Under these circumstances if plaintiff is to have its day in court it must be in a forum in which the acts of liquidation and protest are not jurisdictional prerequisites. In any event, it is worth noting that the Tariff Act of 1930, as amended, has withstood similar constitutional challenges before. *Dart Export Corp. et al. v. United States*, 43 CCPA 64, C.A.D. 610 (1956). It would appear that if the relevant jurisdictional statute satisfies the rudimentary constitutional requirements plaintiff's real argument is with the terms of the legislation and the final resolution of such a problem is a matter within the special competence of Congress. Congress is the proper body to consider whether

---

2. The All Writs Act, 28 U.S.C. § 1651(a) reads as follows:

(a) The Supreme Court and all courts established by Act of Congress may issue all

writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

the existing limitations on the jurisdiction of the court are possibly permitting the existence of inequities, which, although they may not be unconstitutional, are nevertheless incompatible with our sense of fairness and the spirit of an impartial and equitable government of laws.

For the reasons expressed above, it is

ORDERED, that plaintiff's motion for an order compelling the defendant to liquidate all pending unliquidated entries filed by plaintiff covering merchandise manufactured by R. J. Draper & Co., Ltd., wherein defendant required a deposit of additional duties, within 15 days after entry of such order by the court, and to give notice thereof, and for an order requiring defendant to act upon any protest filed against said liquidations within 15 days of the filing thereof, and to give notice thereof by certified mail on the date of such action; and requiring defendant's counsel to report the status of each entry to the court within 30 days of such order, and for certain ancillary relief, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), be, and hereby is, denied.