**AMERICAN AIR PARCEL FORWARD-ING COMPANY, LTD., and E.C. McAfee Company, Plaintiffs,**

v.

**UNITED STATES of America, U.S. Customs Service, and The Commissioner of Customs, Defendants.**

**Court No. 83-7-00995.**

United States Court of International Trade.

Sept. 20, 1983.

See also 515 F.Supp. 47; 557 F.Supp. 605.

Sandler & Travis, P.A., Miami, Fla. (Leonard L. Rosenberg, Miami, Fla., on motion), for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Lit. Branch, New York City (Kenneth N. Wolf, New York City, on motion), for defendants.

MEMORANDUM AND ORDER

CARMAN, Judge:

This matter is before me on plaintiffs' motion for a preliminary injunction and de-

fendants' motions for partial dismissal and/or partial summary judgment.

Plaintiffs' request in their motion for a preliminary injunction, pursuant to Rule 65(a) of the Rules of the United States Court of International Trade, that this court:

 a. Cancel all liquidations occurring after October 17, 1980 of plaintiffs' entries of certain made-to-measure clothing exported from Hong Kong;

 b. Refrain from liquidating any of plaintiffs' entries of certain made-to-measure clothing exported from Hong Kong, in violation of Customs Ruling CLA–2: RRUCV 065056 CW TAA # 10;

 c. Refrain from acting on any protests filed by plaintiffs or their sureties in connection with the liquidation of entries of certain made-to-measure clothing exported from Hong Kong;

 d. Refrain from implementing any directive, policy statement or ruling that would result in the liquidation of plaintiffs' entries of certain made-to-measure clothing exported from Hong Kong, or in the disposition of any pending protests filed by plaintiffs or their sureties in connection with the liquidation of such entries;

 e. Refrain from initiating any demands on the plaintiffs' sureties for payment of additional duties on entries of certain made-to-measure clothing exported from Hong Kong.

The parties in this case have stipulated to the following facts:

 1. The plaintiff, AMERICAN AIR PARCEL FORWARDING COMPANY, LTD. ("AAP"), is a corporation organized and existing under the laws of Hong Kong.

 2. The particulars regarding entry, liquidation and protest the specific entry of which is the subject of this action are as follows:

| Entry Number | Entry Date | Date of Liquidation |
|---|---|---|
| 337670 | 01/02/81 | 03/05/82 |

Protest Number: 3802–2–000672
Protest Filed: June 1, 1982
Protest Denied: April 21, 1983

 3. All duties demanded of the importer at time of liquidation of Entry No. 337670 of January 2, 1981, have been paid prior to the filing of this action by a check drawn by AAP's surety St. Paul Fire and Marine Insurance Company.

 4. The merchandise which is the subject of this action is various items of wearing apparel.

 5. On or about January 16, 1980, following discussions with plaintiff AAP regarding the valuation of the merchandise AAP imported from Hong Kong, the District Director of Customs, Detroit, Michigan, requested internal advice of Customs Service Headquarters pursuant to 19 C.F.R. § 177.11 regarding the appraisement of AAP's merchandise.

 6. On October 17, 1980, in response to the aforesaid request for internal advice, the Director, Classification and Value, Headquarters issued a ruling identified as follows: CLA–2: RRUCA 065056CW TAA # 10 (hereinafter referred to as "TAA # 10"). (TAA # 10 is also known as IA 25/80.)

 7. On March 11, 1981, the Customs Service published TAA # 10 in the *Customs Bulletin* (15 Cust. Bull. & Dec., No. 10). TAA # 10 was identified as C.S.D. 81–72 at the time of its publication.

 8. Subsequent to the issuance of TAA # 10, the Director, Classification and Value in San Francisco requested reconsideration of TAA # 10 as it related to appraisement of merchandise on the basis of transaction value under Section 402(b), Tariff Act of 1930, as amended by the Trade Agreements Act of 1979 and the Director, Classification and Value in Detroit submitted a memorandum to Customs Service Headquarters in Washington, D.C. in support thereof.

 9. On July 23, 1981, Customs Service Headquarters in a ruling referred to as CLA–2: RRUCV, 542406 BLS, affirmed TAA # 10.

 10. On September 9, 1981, Customs Service Headquarters issued a telex directed to, *inter alia*, District Directors,

San Francisco and Detroit, pertaining to TAA # 10.

11. Neither plaintiffs nor the importing public were given prior notice of the telex dated September 9, 1981.

12. On October 19, 1981, Customs issued a ruling referred to as: CLA-2-CO:R:CV:V,542643 TLL, TAA # 40 (hereinafter referred to as TAA # 40).

13. TAA # 40 revoked TAA # 10.

14. TAA # 40 revoked TAA # 10 retroactively, citing section 177.9(d) of the Customs Regulations (19 C.F.R. § 177.-9(d)) as authority for that action.

15. TAA # 40 was never published in the *Customs Bulletin, Federal Register*, or in any other publication which would give the general importing public notice of its contents.

16. The defendants did not seek the comments of the plaintiffs or the general public prior to the issuance of TAA # 40.

17. Defendants did not publish a notice in the *Federal Register* or the *Customs Bulletin* that TAA # 10 was under review.

18. Subsequent to the revocation of TAA # 10, many entries made by the plaintiffs were liquidated at values two (2) to three (3) times as great as the entered values, thereby causing bills for increased duties to be issued in the amounts in excess of approximately $20,-000 and $30,000 per entry.

19. The total increased duties due from the plaintiffs on or before October 18, 1983, is in excess of one million dollars ($1,000,000).

20. The duties due on October 18, 1983, are due in connection with protests denied on April 21, 1983.

21. Demands for payment of increased duties have been made upon plaintiffs' surety companies.

22. Plaintiff AAP has placed itself within the protection of the United States Bankruptcy Court.

23. Increased duties have been paid only as to Entry No. 337670.

## JURISDICTION

Plaintiffs commenced this action on July 14, 1983,[1] to contest the United States Customs Service's (hereinafter "Customs Service") appraisement of Entry No. 337670 of made-to-measure clothing from Hong Kong dated January 2, 1981, to obtain judicial review of the Customs Service's alleged revocation of an internal advice decision TAA # 10, and to seek an injunction as to Entry No. 337670 and other numerous entries.

It has been conceded by the defendants that this court has jurisdiction over Entry No. 337670 of January 2, 1981, pursuant to 28 U.S.C. § 1581(a) (Supp. V 1981)[2] since plaintiffs have exhausted their administrative remedies and paid the increased duties as to this entry. The defendants object to

---

**1.** Plaintiffs secured on August 31, 1982 from this court a preliminary injunction concerning the same items as the instant case, reinstating C.S.D. 81-72 (TAA # 10) as initially promulgated and cancelling all prior liquidations not in accordance with C.S.D. 81-72 (TAA # 10). *American Air Parcel Forwarding Co. v. United States,* 4 CIT 94 (1982). Defendants subsequently, on January 19, 1983, 5 CIT ——, 557 F.Supp. 605, *appeal docketed,* No. 83-716 (Fed.Cir., Jan. 23, 1983), secured a dissolution of the preliminary injunction and a dismissal of the action citing *United States v. Uniroyal, Inc.,* 69 CCPA ——, 687 F.2d 467 (1982).

In *American Air Parcel, supra,* Judge Landis stated: "It is judicially apparent that where a litigant has access to this court under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto. It cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i) as the latter section was not intended to create any new causes of action not founded on other provisions of law." 557 F.Supp. at 607 (footnote omitted).

Plaintiffs also filed a suit in the United States District Court of Michigan, Southern Division, which plaintiffs characterized as identical to the case before Judge Landis. Judge Patricia Boyle dismissed this case and plaintiffs have moved for a rehearing before Judge Boyle.

**2.** 28 U.S.C. § 1581(a) provides:

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

this court taking jurisdiction over other numerous and unspecified entries set forth by the plaintiffs.

 With respect to the numerous and unspecified entries, although plaintiffs have exhausted their administrative remedies, they have not paid the additional duties that have been assessed. Since the tender of additional duties determined to be due on liquidation is a condition precedent to invoking the jurisdiction of this court pursuant to 28 U.S.C. § 2637(a) (Supp. V 1981)[3], this court lacks subject matter jurisdiction as to all entries for which the additional duties have not been paid. *United States v. Boe*, 64 CCPA 11, 18, C.A.D. 1177, 543 F.2d 151 (1976); *Dexter v. United States*, 78 Cust.Ct. 179, C.R.D. 77–1, 424 F.Supp. 1069 (1977).

It has been argued by the plaintiffs that the circumstances of this case give rise to jurisdiction under 28 U.S.C. § 1581(i)(4) (Supp. V 1981)[4], citing *Schaper Manufacturing Co. v. Regan*, 5 CIT ——, 566 F.Supp. 894 (1983)[5]. Plaintiffs assert that they are seeking enforcement of regulations concerning the establishment and revocation of a uniform practice and specifically the process surrounding the revocation of TAA # 10 thereby providing this court with subject matter jurisdiction. This court cannot agree with this assertion of jurisdiction.

 In *United States v. Uniroyal Inc.*, 69 CCPA ——, 687 F.2d 467 (1982), the court clearly stated that 28 U.S.C. § 1581(i) cannot be used to circumvent the procedures of 28 U.S.C. § 1581(a), and noted that the legislative history of section 1581 evidences Congress' intention that subsection (i) not be used generally to bypass administrative review by meaningful protest. An importer must file a protest, receive a denial of that protest and pay the assessed duties before the jurisdiction of this court can be invoked. Subject matter jurisdiction under section 1581(i) of a cause of action, which might otherwise be available under section 1581(a), lies only when the relief available under section 1581(a) is manifestly inadequate or necessary because of special circumstances to avoid extraordinary and unjustified delays caused by the exhaustion of administrative remedies. *United States Cane Sugar Refiners' Association v. Block*, 69 CCPA ——, 683 F.2d 399 (1982); *Lowa, Ltd. v. United States*, 5 CIT ——, 561 F.Supp. 441, (March 16, 1983), *appeal docketed*, No. 83–1018 (Fed.Cir. May 13, 1983). This court does not find that section 1581(a) is manifestly inadequate or that special circumstances exist in this case.

Therefore, defendants' motion for partial dismissal as it relates to entries other than Entry No. 337670 is granted.

### Plaintiffs' Motion for Preliminary Injunction

Having determined that this court has subject matter jurisdiction only as to Entry No. 337670, the court now turns to plain-

---

**3.** 28 U.S.C. § 2637(a) provides:

A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges or exactions have been paid at the time the action is commenced * * *.

**4.** 28 U.S.C. § 1581(i)(4) provides:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

* * * * * *

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

**5.** In *Schaper*, the issues involved regulation 19 C.F.R. 133.43 and statutes 19 U.S.C. § 66 and 1624 and their interrelationship. If jurisdiction was to be invoked in *Schaper*, it had to be found under section 1581(i) since the issues were not protestable or reviewable under any other section. The plaintiffs in *Schaper*, unlike the plaintiffs in the case at hand, did not have the availability of 28 U.S.C. § 1581(a).

tiffs' motion for a preliminary injunction as to that one entry [6].

In order to prevail on a motion for a preliminary injunction, the petitioner must show (1) that without the relief requested the petitioner will be irreparably injured; (2) that there is a substantial likelihood of success on the merits; (3) that the issuance of the relief requested will not substantially harm other interested parties; and (4) that the public interest would be served by the relief requested. *S.J. Stile Assoc., Ltd. v. Snyder*, 68 CCPA 27, C.A.D. 1261, 646 F.2d 522 (1981).

The plaintiffs have not shown that absent an injunction relating to Entry No. 337670, the only entry over which this court has jurisdiction, they will suffer immediate irreparable harm. The harm suffered by the plaintiff is that associated with increased duties as to Entry No. 337670, and this harm alone cannot be found to rise to the level of immediate irreparable harm demanding extraordinary equitable relief. Given the circumstances of the case, the requirement of the payment of duties, in which there is an established administrative process for the review of the assessment of those duties, cannot be seen as a threat of immediate irreparable harm. Only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power to enjoin before the merits are fully determined. *Parks v. Dunlop*, 517 F.2d 785 (5th Cir.1975) (per curiam).

Plaintiffs argue that the action of the Customs Service imposing higher appraised values in accordance with the telex of September 9, 1981 and TAA # 40 will drive them out of business causing immediate irreparable harm. However, a direct correlation between bankruptcy and the payment of duties as to this one entry over which this court has jurisdiction is at best speculative. The fact that the requirement by the Customs Service of the payment of duties will deteriorate the plaintiffs' financial situation cannot be seen as irreparable harm demanding the extraordinary remedy of a preliminary injunction.

Furthermore, the equitable powers of the court are properly invoked only when there is an inadequate remedy at law. *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). In the case at hand, there is an adequate remedy at law. Plaintiff AAP caused to be tendered on its behalf liquidated duties in the amount of $38,222.46 as a result of the denial of the protest filed with respect to the action by Customs regarding Entry No. 337670, and the timely filing of a summons and complaint invoked this court's jurisdiction under 28 U.S.C. § 1581(a). With respect to this entry, an adequate remedy at law exists; that is, a money judgment refunding the duties paid. The payment of duties and the exhaustion of administrative remedies can also invoke this court's jurisdiction to review an alleged action of the Customs Service revoking an asserted uniform practice.

**6.** Plaintiffs have argued that for purposes of equitable relief only, that is, the motion for preliminary injunction, this court can look to all entries identified to the court in order to maintain the status quo, citing *Zenith Radio Corp. v. United States*, 1 CIT 53, 505 F.Supp. 216 (1980).

The court cannot agree with the plaintiffs and cannot find authority in *Zenith* for taking jurisdiction over entries where the jurisdictional prerequisites have not been met merely because jurisdiction over one entry exists. As noted in *Dexter v. United States*, 78 Cust.Ct. 179, C.R.D. 77–1, 424 F.Supp. 1069 (1971), "[u]ntil the entries are liquidated and protests denied this court has no jurisdiction over them, not even by way of its jurisdiction over another entry of exactly the same merchandise." 78 Cust.Ct. at

181, 424 F.Supp. at 1071. *See also Flintkote Co. v. United States*, 82 Cust.Ct. 305, C.R.D. 79–5, 467 F.Supp. 626 (1979).

This court finds no authority to support the proposition that equitable powers can be used to expand the jurisdiction of the court. Plaintiffs assert that defendants' arguments are pre-1980; that is, they do not consider the enactment of 28 U.S.C. § 1585 (Supp. V 1981) which provides: "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." However, 28 U.S.C. § 1585 is not a jurisdictional grant, but merely a grant of equitable powers. Therefore, plaintiffs' argument must fail.

Therefore, given that plaintiffs' motion for a preliminary injunction must fail if any one of the prerequisites for a preliminary injunction has not been established by the plaintiffs, and this court cannot find an immediate threat of irreparable harm to the plaintiffs, plaintiffs' motion for a preliminary injunction must be denied.

*Defendants' Motion to Dismiss Counts I and III of the Complaint and Defendants' Motion to Dismiss the Action as to Plaintiff E.C. McAfee Company.*

In addition to defendants' motion to dismiss all entries other than Entry No. 337670, defendants' have moved that Counts I and III of the complaint be dismissed as well as the action be dismissed as it relates to plaintiff E.C. McAfee Company and Entry No. 337670 for lack for standing to prosecute. Defendants' also request in the alternative partial judgment on the pleadings and/or partial summary judgment as to Count I of plaintiffs' complaint insofar as it relates to the alleged revocation of a uniform practice.

Defendants' motion to dismiss Counts I and III of the complaint is denied without prejudice.

Defendants' motion to dismiss the action as to plaintiff E.C. McAfee Company for lack of standing to prosecute is denied without prejudice.

### CONCLUSION

For the above-mentioned reasons, the court orders the following: 1) Defendants' motion to dismiss all entries except Entry No. 337670 is granted; 2) Plaintiffs' motion for a preliminary injunction is denied; 3) Defendants' motion to dismiss Counts I and III of the complaint is denied without prejudice; 4) Defendants' motion to dismiss the action as to plaintiff E.C. McAfee Company is denied without prejudice.

It is so ordered.