**Slip Op. 08-53**

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| International Custom Products, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>United States,<br><br>Defendant. | **Before: Gregory W. Carman, Judge**<br><br>Court No. 07-00318 |

[*Plaintiff's motion for a temporary restraining order and a preliminary injunction denied because the Court lacks jurisdiction over the entries which are the subject of the request.*]

Mayer Brown LLP (Andrew A. Nicely, Simeon M. Kriesberg, and Jeffrey C. Lowe) for Plaintiff.

Gregory C. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Edward F. Kenny), and Yelena Slepak, of counsel, Office of Assistant to Chief Counsel, International Trade Litigation, Department of Homeland Security, U.S. Customs and Border Protection, for Defendant.

May 20, 2008

OPINION & ORDER

Before the Court is the motion by Plaintiff, International Custom Products, Inc.

("ICP"), for a temporary restraining order ("TRO") and a preliminary injunction against

Defendant, United States. ICP requests that the Court order the U.S. Bureau of Customs

and Border Protection ("Customs") to place 98 entries of a product called "white

sauce"[1] in "suspended liquidation status" during the pendency of this case.[2] (Mem. of P. & A. in Supp. of Pl.'s Application for a TRO & Mot. for a Prelim. Inj. ("Pl.'s Mem.") 1.) The government opposes ICP's motion, arguing that the Court cannot grant a TRO or a preliminary injunction because, first, the Court lacks jurisdiction over the entries, and, second, ICP has not shown that an injunction is warranted in any event. (Def.'s Mem. in Opp'n to Pl.'s Application for TRO & Prelim. Inj. ("Def.'s Resp.").)

The 98 entries for which ICP requests a TRO and a preliminary injunction are not part of this case: there is only 1 entry listed on the summons, entry number 180-0590029-7, and ICP acknowledges that before filing suit, it paid the liquidated duties for only that entry and no others.[3] (See Pl.'s Mem. 1; Def.'s Resp. 13 n.7.) In fact,

---

[1]The government refers to the product as "dairy spread." Because several opinions have issued from the Court of International Trade referring to the product as white sauce, and because these semantics are not outcome-determinative, the Court will continue to call the product white sauce.

[2]The parties differ on the number of entries at issue here: ICP requests a TRO and preliminary injunction over 98 entries, while the government in its brief refers to 99 entries. Because the party requesting an injunction controls the scope of its request, the Court proceeds with the understanding that 98 entries are at issue.

[3]Although ICP lists 100 entries in 2 attachments to the summons, one of which is entry number 180-0590029-7, the inclusion of the entries as attachments to the summons does not satisfy the statutory prerequisites to filing suit, namely, that Customs has denied the protest containing the entry; that the importer paid all liquidated duties, charges, or exactions for the entry; and, that the importer filed a summons listing either the protest or entry number within 180 days of the denial of the protest. See 28 U.S.C. §§ 2636(a), 2637 (2000); Daimlerchrysler Corp. v. United States, 442 F.3d 1313 (Fed. Cir. 2006).

for 84 of the entries, Customs has yet to issue its decision regarding ICP's protest. For another 13 entries, Customs has denied ICP's protest, but ICP has not paid the liquidated duties, or filed a complaint in this Court challenging Customs's denial of the protest.[4]

Because the 98 entries are not part of this case, the Court lacks jurisdiction to issue an injunction covering those entries. Am. Air Parcel Forwarding Co., Ltd. v. United States, 6 CIT 147, 150, 573 F. Supp. 117, 120 (1983) (denying injunction because "tender of additional duties determined to be due on liquidation is a condition precedent to invoking jurisdiction of this court . . . . [Therefore], this court lacks subject matter jurisdiction as to all entries for which the additional duties have not been paid."); Dexter v. United States, 424 F. Supp. 1069, 1071 (Cust. Ct. 1977) (denying injunction) ("[T]his action in reality only covers one specific liquidated entry and has no legal connection to the entries for which relief is sought. . . . Until the entries are liquidated and protests denied this court has no jurisdiction over them, not even by way of its jurisdiction over another entry of exactly the same merchandise."); see also

---

[4]The Court recognizes that the 84 not-yet-denied entries plus the 13 entries that have been denied does not equal 98 entries. It equals 97 entries. In its brief, Customs states that ICP did not properly protest 2 entries, which suggests that Customs's statement that there are 99 relevant entries might be accurate (84 + 13 + 2 = 99), though ICP has requested a TRO and injunction for only 98 of them.

Daimlerchrysler Corp. v. United States, 442 F.3d 1313 (Fed. Cir. 2006) (court lacks

jurisdiction over entries not included on summons).

ICP attempts to convince the Court that pursuant to 28 U.S.C. § 1367(a) (2000),

the Court can exercise supplemental jurisdiction over, at least, the 13 entries for which

Customs has denied ICP's protest.[5] (See Pl.'s Reply Mem. 8-12.) Section 1367(a) grants

district courts supplemental jurisdiction over all claims that are part of the same case or

controversy as a claim within the district court's original jurisdiction. For example, this

court could exercise supplemental jurisdiction over a takings claim where an action

challenging an import embargo was properly before the court pursuant to original

jurisdiction. B-West Imps., Inc. v. United States, 19 CIT 303, 315, 880 F. Supp. 853, 864

(1995), aff'd, 75 F.3d 633 (Fed. Cir. 1996).

This case is not analogous. ICP acknowledges that this Court would

immediately have original jurisdiction over the 13 denied entries pursuant to 28 U.S.C.

§ 1581(a) (judicial review of a denied protest) if ICP could afford to pay $28 million in

liquidated duties. In fact, ICP brought this very case challenging a denied protest of one

entry under 28 U.S.C. § 1581(a). Teaching from the Court of Appeals for the Federal

---

[5]While ICP presumes in its initial brief that the Court has jurisdiction over the 98 entries for which it seeks a TRO and a preliminary injunction, it is only in its reply brief that ICP puts forth any argument on this point. And, while the initial brief requested injunctive relief for all 98 entries, ICP is silent in its reply brief whether it maintains its request to issue a TRO and preliminary injunction for the 84 entries for which Customs has not yet issued a decision regarding ICP's protests. (See Pl.'s Reply Mem. 15.)

Circuit is clear that a plaintiff cannot avoid the inconvenience of paying liquidated duties by artful pleading.  See, e.g., Int'l Custom Prods., Inc. v. United States, 467 F.3d 1324, 1326-27 (Fed. Cir. 2006).  Accordingly, the Court holds that supplemental jurisdiction cannot be used as a basis to grant an injunction over these entries.  Alberta Gas Chems., Inc. v. United States, 496 F. Supp. 1332, 1335 (Cust. Ct. 1980) (court's "equity power can apply only to matters within a court's jurisdiction and cannot be exercised in disregard of the mandatory requirements of the jurisdictional statute.") (internal quotation marks removed).

Yet, not all is lost for ICP.  Customs represented to the Court that it has "on its own placed [84 of the] entries into a suspended liquidation status pending the resolution of this case."[6]  (Def.'s Mem. 15 n.8.)  The Court expects Customs to, as it states, "continue to handle [ICP's] entries in the fair and appropriate manner in which it processes all other importers' goods," and interprets this commitment to mean that Customs will suspend the protest process for the 84 entries until a final decision is reached in this case, that is, until all appeals have been exhausted.

---

[6]ICP states that it asked Customs to place the 13 denied entries in suspended liquidation status, but that Customs denied the request because the agency "believes it is powerless to correct its error . . . because the liquidations purportedly have become final . . . ."  (Pl.'s Reply 7.)  The Court makes no statement as to the validity of Customs's purported belief.

## CONCLUSION

Because the Court lacks jurisdiction over the 98 entries which are the subject of

ICP's request, it is hereby

ORDERED that ICP's motion for a TRO and a preliminary injunction is DENIED.


_/s/_Gregory_W._Carman____
Gregory W. Carman

Dated: May 20, 2008
New York, NY

<u>ERRATA</u>

<u>International Custom Products, Inc. v. United States</u>, Ct. No. 07-00318
Slip Op. 08-53 (May 20, 2008)

On page 1, in the text identifying counsel for the parties, replace "<u>Jeffrey C. Lowe</u>" with "<u>Jeffery C. Lowe</u>".

Dated: May 27, 2008