**PPG INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant,**

**Vitro Flex, S.A. and Cristales Inastillables de Mexico, S.A., Defendants–Intervenors.**

**Court No. 89–12–00678.**

United States Court of International Trade.

Jan. 17, 1990.

Stewart and Stewart, Terence P. Stewart and David Scott Nance, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C. and Velta A. Melnbrencis, New York City, for defendant.

Brownstein, Zeidman and Schomer, Irwin P. Altschuler, David R. Amerine, Claudia G. Pasche, Washington, D.C., and Jeff P. Manciagli, Brooklyn, N.Y., for defendants-intervenors.

MEMORANDUM OPINION

CARMAN, Judge:

This Court issued an order on January 5, 1990, granting plaintiff's application for a preliminary injunction. Pursuant to Rule 52(a) of this Court, this opinion sets forth the findings of fact and conclusions of law underlying the issuance of that order.

Plaintiff commenced this action by filing a summons and complaint concurrently with an application for a temporary restraining order and preliminary injunction. Plaintiff contests certain aspects of the final determination of the International Trade Administration (ITA) in its administrative review of the countervailing duty order covering fabricated automotive glass from Mexico for the calendar year 1986.[1]

---

1. Plaintiff claims jurisdiction under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (2)(B)(iii), and pursuant to 28 U.S.C. § 1581(c).

On December 26, 1989, with the consent of all parties, Senior Judge Bernard Newman sitting in Motion Part, granted plaintiff's request for a temporary restraining order and scheduled a hearing on the merits of the imposition of a preliminary injunction. The temporary restraining order enjoined the defendant from making or permitting the liquidation of any unliquidated entries of fabricated automotive glass, including tempered and laminated automotive glass, produced by the Mexican manufacturers and exporters, Cristales Inastillables de Mexico, S.A., and Vitro Flex, S.A., which were entered or withdrawn from warehouse on or after January 1, 1986 and exported on or before December 31, 1986.

At the hearing, the Court granted the application by the Mexican manufacturers to intervene as of right. Defendant-intervenors opposed plaintiff's motion for a preliminary injunction in part. The defendant United States consented to the issuance of a preliminary injunction. After hearing the arguments of the parties, the Court issued an order enjoining the defendant from liquidating any and all entries covered by the temporary restraining order.

## BACKGROUND

On December 19, 1989 the ITA published its final determination concerning its administrative review of the countervailing duty order covering fabricated automotive glass from Mexico for the calendar year 1986. *Fabricated Automotive Glass From Mexico; Final Results of Countervailing Duty Administrative Review*, 54 Fed.Reg. 51,908 (Dec. 19, 1989). The determination noted the ITA had found the total grant or bounty for the period January 1, 1986 through December 31, 1986 to be zero. The ITA instructed the Customs Service to liquidate all outstanding entries of the merchandise exported during the 1986 calendar year without regard to countervailing duties and directed that no countervailing duty deposits be collected henceforth.

At the administrative hearing before the ITA, defendant-intervenors argued that as a result of Mexico's accession to the General Agreement on Tariffs and Trade (GATT), effective on August 24, 1986, countervailing duties could not be assessed on merchandise subsequent to that date, without an injury determination pursuant to section 303(a)(2) of the Tariff Act of 1930. 19 U.S.C. § 1303(a)(2) (1988). Plaintiff argued that the ITA had neither the obligation nor the authority to revoke the countervailing duty order for the period after August 24, 1986 (the "post-GATT" period).

In its determination the ITA stated:

The merchandise covered by this review is afforded duty-free status under the Generalized System of Preferences. Section 303(a)(2) prohibits the imposition of countervailing duties on duty-free products absent an affirmative injury determination when the United States has an "international obligation" to provide such a test. Mexico's accession to the GATT imposes such an international obligation on the United States with respect to duty-free merchandise entered into the United States after the date of Mexico's accession.

54 Fed.Reg. at 51,912. Nevertheless, the ITA declined to address the issue of whether Mexico's accession to the GATT required revocation of the countervailing duty order as to merchandise entered subsequent to that date. The ITA reasoned as follows:

Assessment of duties is not an issue at this time because the total bounty or grant for the period January 1, 1986 through December 31, 1986, is zero. Moreover, we are currently pursuing means by which an injury determination could be made concerning imports of Mexican automotive glass entered on or after August 24, 1986, the date of Mexico's accession to the GATT.

*Id.*

Thereafter, plaintiff commenced this action to contest certain of the ITA's findings that resulted in its determination of a zero bounty or grant for entries covered in the administrative review. In opposing plaintiff's motion for the preliminary injunction, defendant-intervenors object only to the issuance of a preliminary injunction for the liquidation of merchandise entered *after*

Mexico's accession to the GATT, i.e., during the period from August 25, 1986 through December 31, 1986. At oral argument defendant-intervenors consented to the granting of a preliminary injunction covering the period from January 1, 1986 through August 24, 1986.

## DISCUSSION

■ A preliminary injunction is an extraordinary remedy that must be granted sparingly. *Zenith Radio Corp. v. United States,* 1 Fed.Cir. (T) 74, 77, 710 F.2d 806, 809 (1983). It should be granted only upon a clear showing that the movant is entitled to the relief requested. *American Air Parcel Forwarding Co., Ltd. v. United States,* 1 CIT 293, 298, 515 F.Supp. 47, 52 (1981).

When considering an application for a preliminary injunction, it is well settled that the movant must establish four factors: (1) a threat of immediate and irreparable injury; (2) the likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the movant. *Matsushita Elec. Indus. Co. v. United States,* 5 Fed.Cir. (T) 116, 120, 823 F.2d 505, 509 (1987); *Zenith Radio Corp.,* 1 Fed.Cir. (T) at 76, 710 F.2d at 809; *S.J. Stile Assocs. Ltd. v. Snyder,* 68 CCPA 27, 30, C.A.D. 1261, 646 F.2d 522, 525 (1981); *Timken Co. v. United States,* 6 CIT 76, 78, 569 F.Supp. 65, 68 (1983).

■ In analyzing these criteria, the Court applies a "balance of hardship," or sliding scale approach. *See National Customs Brokers and Forwarders Assn. of America v. United States,* 13 CIT ——, Slip Op. 89-140 at 13, 723 F.Supp. 1511, 1516 (1989) (citing *Zenith Radio Corp.,* 1 Fed. Cir. (T) at 81, 710 F.2d at 812 (Nies, J. concurring)); *Algoma Steel Corp., Ltd. v. United States,* 12 CIT ——, 696 F.Supp. 656, 658 n. 2 (1988); *The Timken Co. v. United States,* 11 CIT 504, 506–07, 666 F.Supp. 1558, 1559–60 (1987); *American Air Parcel,* 1 CIT at 299–300, 515 F.Supp. at 53.

Plaintiff will clearly suffer immediate and irreparable injury if the injunction

were not to issue. Liquidation of the entries in question would irrevocably deprive plaintiff of its statutory right to judicial review of the ITA's administrative review of the 1986 calendar year. Liquidation of entries subject to an administrative review, prior to judicial review in this Court of the merits of the ITA's determination in the administrative review, constitutes irreparable injury, since liquidation of the entries would render judicial review a meaningless exercise. *See Zenith Radio Corp.,* 1 Fed. Cir. (T) at 77–78, 710 F.2d at 810; *Timken Co.,* 6 CIT at 79–80, 569 F.Supp. at 69. As the Court noted in *Zenith,* once liquidation occurs, a subsequent decision by the trial court on the merits of the challenge to the administrative review "can have no effect" on the duties assessed on entries during the review period. *Zenith Radio Corp.,* 1 Fed.Cir. (T) at 78, 710 F.2d at 810. Should a decision on the merits alter the duty rate in this case, this Court would be powerless to grant the only effective remedy sought by the plaintiff: assessment of correct countervailing duties on the entries covered by the administrative review for 1986. *See id.* .

This conclusion is not altered by defendant-intervenors' argument that plaintiff cannot possibly show irreparable harm concerning the post-GATT entries. Defendant-intervenors base this argument on the proposition that "any change in the duty rate which may result from the instant litigation would not ... apply to [the] post-GATT accession entries" since, if the ITA were to find that a bounty or grant had indeed been conferred in this case, it would be required to revoke the countervailing duty order due to the absence of an injury determination. Defendant–Intervenors' Memorandum at 19–20.

However, plaintiff argues, it is entirely possible that there will be an injury determination conducted in this case. The ITA stated in its determination that it is "currently pursuing means by which an injury determination could be made concerning imports of Mexican automotive glass entered on or after August 24, 1986...." 54 Fed.Reg. at 51,912. In rebuttal, defendant-

intervenors contend there is no authority for ITA to conduct an injury determination at this time.

At oral argument, as well as in the briefs submitted, defendant-intervenors, defendant and plaintiff did not cite any court determinations upholding the authority of the ITA to request, or to conduct, an injury determination at this point in the administrative process. The Court, also, is not aware of any court decision deciding this issue. The ITA, however, has recently grappled with this issue at the administrative level.[2] In this case, the ITA has not yet decided if an injury determination is feasible, though the ITA stated in its determination that it was "currently pursuing" means for such an injury determination.

This Court expresses no opinion as to the resolution of this question at this time. Nevertheless, if liquidation were allowed to occur, and the plaintiff subsequently prevailed as to the so-called post-GATT entries, failure to grant the preliminary injunction would effectively deny the plaintiff its remedy within the meaning of *Zenith.* The Court finds this factor weighs heavily in favor of granting the injunction.

Plaintiff argues that, despite several adverse rulings on related issues, it has raised questions in this litigation which are serious and substantial, and sufficient to show a likelihood of success on the merits. Defendant-intervenors also argue that plaintiff cannot show a likelihood of success on the merits because even if the ITA were to subsequently determine that the Mexican manufacturers did receive a bounty or subsidy, the ITA could not actually assess the duty because of the lack of an injury determination. As discussed above, this Court takes no position as to defendant-intervenors' assumption that duty could not be assessed under these circumstances. The question of if and how an injury determination should be conducted for the concerned entries must first be decided by the ITA. At this time, it would be improper and premature for this Court to interrupt the administrative process and

**2.** In *Lime From Mexico; Final Results of Changed Circumstances Countervailing Duty Administrative Review and Revocation of Countervailing Duty Order,* 54 Fed.Reg. 49,324, 49,325–29 (Nov. 30, 1989), the ITA determined in the context of a changed circumstances review that it had the authority to revoke a countervailing duty order as to post-GATT entries based upon a finding by the International Trade Commission (ITC) that a domestic industry would not be materially injured, or threatened with material injury if the countervailing duty order was revoked. The ITC's injury determination was apparently initiated by the President of the United States, who requested the United States Trade Representative (USTR) to urge the ITC to conduct the inquiry. The ITA claimed authority for this procedure in section 332(g) of the Tariff Act of 1930, 19 U.S.C. § 1332(g).

See, e.g., *Bricks From Mexico; Preliminary Results of Countervailing Duty Administrative Review,* 54 Fed.Reg. 166, 167–68 (Jan. 4, 1989) (ITA withheld liquidation of post-GATT entries in order to determine feasibility of initiating an injury test); *Lime From Mexico; Initiation and Preliminary Results of Changed Circumstances Countervailing Duty Administrative Review and Intent To Revoke Countervailing Duty Order,* 54 Fed.Reg. 33,264, 33,264–65 (Aug. 14, 1989) (Intent to revoke countervailing duty order as to post-GATT entries based upon a new injury determination by ITC); *Certain Textile Mill Products From Mexico; Final Results of Countervailing Duty Administrative Review,* 54 Fed.Reg. 36,-841, 36,843 (Sept. 5, 1989) (ITA withheld liquidation of post-GATT entries until it could resolve need for injury determination); *Bricks From Mexico; Final Results of Changed Circumstances Countervailing Duty Administrative Review and Revocation of Countervailing Duty Order,* 54 Fed.Reg. 53,163, 53,163 (Dec. 27, 1989) (ITA revoked countervailing duty order as to post-GATT entries based upon its changed circumstances administrative review, absent an injury determination, and upon receiving no comments in opposition to intent to revoke); *Carbon Black From Mexico; Final Results of Changed Circumstances Countervailing Duty Administration Review and Revocation of Countervailing Duty Order,* 54 Fed.Reg. 53,163, 53,164 (Dec. 27, 1989) (Same); *Certain Textile Mill Products From Mexico; Initiation and Preliminary Results of Changed Circumstances Countervailing Duty Order,* 54 Fed.Reg. 53,164, 53,164–65 (Dec. 27, 1989) (Intent to revoke countervailing duty order as to post-GATT entries on basis of information sufficient to warrant initiation of a changed circumstances administrative review, which included the failure of domestic interested parties to inform ITA to request USTR to request the ITC to conduct an injury investigation pursuant to Section 332(g)); *Litharge, Red Lead and Lead Stabilizers From Mexico—Initiation and Preliminary Results of Changed Circumstances Countervailing Duty Administrative Review and Intent To Revoke Countervailing Duty Order (In Part),* 54 Fed.Reg. 53,-669, 53,670 (Dec. 29, 1989) (Same).

divest the ITA from the responsibility for this determination.

The Court has examined plaintiff's arguments and finds them sufficient to satisfy the likelihood of success prong of the test for a preliminary injunction. Furthermore, the Court has examined the remaining parts of the test and determines that it is clearly in the public interest that the trade laws be properly administered, *see Cerami-ca Regiomontana v. United States,* 7 CIT 390, 397, 590 F.Supp. 1260, 1265 (1984) and *PPG Industries, Inc. v. United States,* 11 CIT 5, 10, 1987 WL 5317 (1987), and on the sliding scale the Court finds that the balance of hardship favors the plaintiff.

## CONCLUSION

Based upon the foregoing discussion, this Court finds that the plaintiff established the grounds for this Court to grant the preliminary injunction.