SLIP OP. 03-113

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: RICHARD K. EATON, JUDGE

——————————————————————

|  |  |  |
|---|---|---|
| FUYAO GLASS INDUSTRY GROUP CO., LTD., GREENVILLE GLASS INDUSTRIES, INC., SHENZHEN BENXUN AUTOMOTIVE GLASS CO., LTD., TCG INTERNATIONAL, INC., CHANGCHUN PILKINGTON SAFETY GLASS CO., LTD., GUILIN PILKINGTON SAFETY GLASS CO., LTD., WUHAN YAOHUA PILKINGTON SAFETY GLASS CO., LTD., AND XINYI AUTOMOTIVE GLASS (SHENZHEN) CO., LTD., | : | |
| PLAINTIFFS, | : | |
| V. | : | CONSOL. COURT NO. 02-00282 |
| UNITED STATES, | : | |
| DEFENDANT, | : | |
| AND | : | |
| PPG INDUSTRIES, INC., SAFELITE GLASS CORPORATION, AND VIRACON/CURVLITE, A subsidiary of APOGEE ENTERPRISES, INC., | : | |
| DEF.-INTERVENORS. | : | |

——————————————————————

[Xinyi Automotive Glass (Shenzhen) Co.'s application for preliminary injunction granted.]

Decided: September 2, 2003

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Bruce M. Mitchell* and *Jeffrey S. Grimson*), for plaintiffs Fuyao Glass Industry Group Co., Ltd., and Greenville Glass Industries, Inc.

*Garvey, Schubert & Barer* (*William E. Perry* and *John C. Kalitka*), for plaintiffs

Shenzhen Benxun Automotive Glass Co., Ltd., and TCG International, Inc.

 *Pepper Hamilton, LLP* (*Gregory C. Dorris*), for plaintiffs Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd., and Wuhan Yaohua Pilkington Safety Glass Co., Ltd.

 *White & Case* (*William J. Clinton* and *Adams C. Lee*), for plaintiff Xinyi Automotive Glass (Shenzen) Co., Ltd.

 *Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini*), for defendant United States.

 *Stewart & Stewart* (*Terence P. Stewart*, *Alan M. Dunn*, and *Eric P. Salonen*), for defendant-intervenors PPG Industries, Inc., Safelite Glass Corp., and Viracon/Curvlite, a subsidiary of Apogee Enterprises, Inc.


MEMORANDUM OPINION

EATON, *JUDGE*:  Xinyi Automotive Glass (Shenzen) Co., Ltd. ("Applicant"), has submitted a second application ("Application") for a preliminary injunction to enjoin liquidation of certain entries of Applicant's automotive replacement glass windshields (the "Subject Merchandise") pending a final decision on the merits in the underlying action.[1]  PPG Industries, Inc., Safelite Glass Corp., and Viracon/Curvlite, a subsidiary of Apogee Enterprises, Inc. ("Defendant-Intervenors"), object to the issuance of a preliminary injunction.  The court has the authority to grant the requested relief.  *See* 28 U.S.C. § 1585 (2000); 28 U.S.C. § 2643(c)(1) (2000); *see also* The All Writs Act, 28 U.S.C. § 1651(a) (2000).  For the reasons set forth below, the court grants

---

[1] With the exception of PPG Industries, Inc., Safelite Glass Corporation, and Viracon/Curvlite, a subsidiary of Apogee Enterprises, Inc., all other Plaintiffs and Defendant the United States consent to the Application.

this Application.[2]

BACKGROUND

In April 2003, Applicant timely requested that Commerce conduct an administrative review of its entries of Subject Merchandise for the period of review of September 19, 2001, through March 31, 2003. *See* Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part, 68 Fed. Reg. 27,781 (ITA May 21, 2003) (notice of initiation). Subsequent to that request, Applicant moved this court for a preliminary injunction contending that it met the four-prong test for such relief. *See Fuyao Glass Indus. Group Co. v. United States*, 27 C.I.T. __, Slip Op. 03-99 (July 31, 2003) ("*Fuyao II*") (den. Applicant's mot. prelim. inj.). Most importantly, Applicant argued that it would suffer immediate irreparable harm absent a preliminary injunction because were Applicant to rescind its request for an administrative review, Applicant's entries of Subject Merchandise could be subject to immediate liquidation by the United States Customs Service ("Customs").[3] *See id.* at __, Slip Op. 03-99 at 4–5. The court found that Applicant had not satisfied its burden with respect to immediate irreparable harm because the cause of the potential injury complained of—Customs's possible

---

[2]     In the action underlying this motion Applicants, along with Shenzhen Benxun Automotive Glass Co., Ltd., TCG International, Inc., Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd., Wuhan Yaohua Pilkington Safety Glass Co., Ltd., and Xinyi Automotive Glass (Shenzen) Co., Ltd., challenge certain aspects of the United States Department of Commerce's ("Commerce" or "Department") antidumping order covering automotive replacement glass windshields. *See* Auto. Replacement Glass Windshields from the P.R.C., 67 Fed. Reg. 16,087 (ITA Apr. 4, 2002) (antidumping duty order).

[3]     Effective March 1, 2003, the United States Customs Service was renamed the United States Bureau of Customs and Border Protection. *See Reorganization Plan Modification for the Dep't of Homeland Security*, H.R. Doc. 108-32, at 4 (2003).

immediate liquidation of the Subject Merchandise—would not occur so long as the administrative review requested by Applicant was pending. *See id.* at __, Slip Op. 03-99 at 7 (citing *S.J. Stile Assocs. v. Snyder*, 626 F.2d 522, 525 (C.C.P.A. 1981)) ("[T]the court finds that it cannot grant the requested relief simply because the prospect of irreparable harm is too speculative.").

Thereafter, on July 31, 2002, Applicant timely rescinded its request for administrative review of its entries of Subject Merchandise. *See* Pl.'s Mem. P. & A. Supp. Mot. Prelim. Inj. ("Pl.'s Mem.") Attach. (letter from law firm of White & Case to Evans of 7/31/2003) ("On behalf of Xinyi . . . we hereby withdraw our request that the Department conduct an administrative review of sales and entries of subject merchandise exported by Xinyi covered by the antidumping duty order on Automotive Replacement Glass Windshields from the People's Republic of China.").

On August 4, 2003, Applicant renewed its request for a preliminary injunction. *See* Pl.'s Mot. Prelim. Inj. In support of its motion Applicant states that

> [t]he Court's denial of Xinyi's first motion for preliminary injunction hinged on the premise that "so long as the administrative review of the Subject Merchandise stays its course the irreparable harm with which Applicant claims to be faced remains in check." The administrative review is no longer on course because Xinyi has withdrawn its request for review. Xinyi no longer has any control over the administrative review and the suspension of liquidation from an ongoing review. The Department will rescind the administrative review for Xinyi in due course, unless this Court issues a preliminary in junction. Accordingly, the irreparable harm now facing Xinyi is no longer

> speculative and a mere possibility that is within Xinyi's power to prevent. Now, having withdrawn its request for review, the Department may issue a notice rescinding the administrative review for Xinyi and instruct Customs to liquidate Xinyi's entries, notwithstanding Xinyi's appeal challenging the validity of the underlying antidumping order that resulted in antidumping duty deposits on Xinyi's entries.

Pl.'s Mem. at 2–3. For the following reasons the court finds that Applicant has now satisfied its burden and grants the Application for preliminary injunction.

### DISCUSSION

Injunctive relief is an "extraordinary remedy" that is to be granted sparingly. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (citing *R.R. Comm'n of Tx. v. Pullman Co.*, 312 U.S. 496, 500 (1941)); *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993); *PPG Indus., Inc. v. United States*, 11 C.I.T. 5, 6 (1987) (citing *Am. Air Parcel Forwarding Co. v. United States*, 1 C.I.T. 293, 298, 515 F. Supp. 47, 52 (1981)). Applicant bears the burden of establishing that: (1) absent the requested relief, it will suffer immediate irreparable harm; (2) there exists in its favor a likelihood of success on the merits; (3) the public interest would be better served by the requested relief; and (4) the balance of the hardships on all parties tips in its favor. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983) (citing *S.J. Stile*, 646 F.2d at 525; *Va. Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)); *Corus Group PLC v. Bush*, 26 C.I.T. __, __, 217 F. Supp. 2d 1347, 1353 (2002) (citing *Zenith*, 710 F.2d at 809). The court, in its analysis of these factors, employs a "sliding scale" and, consequently, need not assign to each factor equal weight. *Corus*, 26 C.I.T. at __, 217 F. Supp. 2d at 1353–54 (citing *Chilean Nitrate Corp. v. United States*, 11 C.I.T. 538,

539 (1987)); *id.*, 26 C.I.T. at __, 217 F. Supp. 2d at 1354 (quoting *FMC*, 3 F.3d at 427 ("If a preliminary injunction is granted by the trial court, the weakness of the showing regarding one factor may be overborne by the strength of the others . . . . [Conversely], the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned to other factors, to justify [its] denial.")). Notwithstanding, the crucial element is that of irreparable injury. *Id.*, 26 C.I.T. at __, 217 F. Supp. 2d at 1354 (citing *Elkem Metals Co. v. United States*, 25 C.I.T. __, __, 135 F. Supp. 2d 1324, 1329 (2001); *Nat'l Hand Tool Corp. v. United States*, 14 C.I.T. 61, 65 (1990)); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Bomont Indus. v. United States*, 10 C.I.T. 431, 437, 638 F. Supp. 1334, 1340 (1986) (citing *Nat'l Corn Growers Ass'n v. Baker*, 9 C.I.T. 571, 585, 623 F. Supp. 1262, 1275 (1985); *Am. Air Parcel Forwarding Co. v. United States*, 6 C.I.T. 146, 152, 573 F. Supp. 117, 122 (1983)) ("Failure of an applicant to bear its burden of persuasion on irreparable harm is ground to deny a preliminary injunction, and the court need not conclusively determine the other criteria.").

Here, the court finds that Applicant has now established the "crucial element" of immediate irreparable harm. *Corus*, 26 C.I.T. at __, 217 F. Supp. 2d at 1354. Specifically, because Applicant has withdrawn its request for an administrative review of the Subject Merchandise the prospect of immediate irreparable harm is no longer "speculative" and Applicant is now in much the same position as other parties who have sought and received preliminary injunctions in these matters. *See, e.g.*, *Zenith*, 710 F.2d at 810 ("[W]e conclude that

liquidation would indeed eliminate the only remedy available to Zenith for an incorrect review determination by depriving the trial court of the ability to assess dumping duties on Zenith's competitors in accordance with a correct margin . . . ."); *NMB Sing., Ltd. v. United States*, 24 C.I.T. 1239, 1243, 120 F. Supp. 2d 1135, 1139 (2000) (citing *Zenith*, 710 F.2d at 810); *Daido Corp. v. United States*, 16 C.I.T. 987, 996–97, 807 F. Supp. 1571, 1579 (1992) (citing *Zenith*, 710 F.2d at 810); *PPG Indus., Inc. v. United States*, 14 C.I.T. 18, 21, 729 F. Supp. 859, 861 (1990) (citing *Zenith*, 710 F.2d at 810).

Furthermore, in denying Applicant's previous request for a preliminary injunction, the court found the lack of immediate irreparable harm weighed heavily in regard to the remaining three factors of the test and, therefore, those factors did not tip in Applicant's favor. *See Fuyao II*, 27 C.I.T. at __, Slip Op. 03-99 at 8–11. Now that Applicant has demonstrated immediate irreparable harm, however, the court finds that these other three factors do now balance in Applicant's favor. *Corus*, 26 C.I.T. at __, 217 F. Supp. 2d at 1353–54. Indeed, the serious issues of law raised in Applicant's Complaint now make a sufficient showing of likelihood of success of the merits, the issuance of the injunction imposes no significant hardship or burden on the other interested parties in this proceeding, and the public interest is served by this injunction because it will ensure that the proper antidumping duties are applied to the subject entries. *See NMB*, 24 CIT at __, 120 F. Supp. 2d at 1244–45.

CONCLUSION

As Applicant has now satisfied its burden of establishing that a preliminary injunction

enjoining Customs from liquidating its entries of Subject Merchandise is proper, the court deems

it appropriate that such an injunction should issue.  The court notes, however, its agreement with

Defendant-Intervenors that such injunction should cover only those entries of the Subject

Merchandise that were entered or withdrawn for consumption during the period of administrative

review and should "exclude entries made on or after April 1, 2003 from the scope of the

preliminary injunction."  Opp'n Def.-Intervenors to Pl. Xinyi's Mot. Prelim. Inj. at 4.


_____

Richard K. Eaton


Dated:  September 2, 2003
        New York, New York