pursuant to § 502(c). Plaintiff has failed to state a valid claim under § 520(c) for which relief may be granted.

CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment is denied, and defendant's cross-motion to sever and dismiss and to dismiss for failure to state a claim and for lack of jurisdiction is granted.

WASHINGTON RED RASPBERRY COMMISSION ET AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS

Consolidated Court No. 85–06–00789

MEMORANDUM AND ORDER

(Dated June 26, 1987)

*Kilpatrick & Cody (Joseph W. Dorn* and *Anthony H. Anikeeff)* for the plaintiffs.

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*J. Kevin Horgan*); and Office of the Deputy Chief Counsel for Import Administration, U.S. Department of Commerce (*Lisa Koteen*) for the defendants.

*Cameron, Hornbostel & Butterman (William K. Ince)* for intervenor-defendants Abbotsford Growers Co-operative Union, Jesse Processing Ltd. and Mukhtiar & Sons Packers, Ltd.

AQUILINO, *Judge:* The defendants have submitted the results of remand proceedings in compliance with the court's Slip Op. 87–29, 11 CIT 173, 657 F. Supp. 537 (1987). Intervenor-defendants Abbotsford Growers Co-operative Union ("Abbotsford"), Jesse Processing Ltd. ("Jesse") and Mukhtiar & Sons Packers, Ltd. ("Mukhtiar") take the position that those results "are fatally flawed because ITA committed serious errors in the remand proceedings".[1] They specify five such errors.

Defendants' response is a request that this "matter be remanded to the ITA so that it can correct the [four] clerical errors identified".[2] They contend that the other specified error amounts to an untimely cross-claim. The plaintiffs have joined in this argument, not only as to that claimed error, but the other four as well.

The parties were afforded an opportunity to present oral argument in support of their respective positions on June 23, 1987.

---

[1]Intervenors' Reply to Plaintiffs' Response to Defendants' Redeterminations on Remand [hereinafter cited as "Intervenors' Reply"], p. 2.

[2]Defendants' Response to Intervenors' Comments on Remand Determination [hereinafter cited as "Defendants' Reponse"], p. 6.

## I

The court is persuaded by the papers submitted and the oral argument that the four clerical errors identified by the intervenor-defendants must be corrected upon remand to the ITA. Two of the errors—specifically, those the intervenor-defendants enumerate as one[3] and four[4]—appear attributable to the ITA's remand calculations. *See* Defendants' Response, p. 2. Accordingly, contrary to plaintiffs' contention, these challenges are not barred on the basis of their timing.

Errors numbered three[5] and five[6] likewise do not constitute untimely issues. During the court's review of the original dumping determination, the defendants conceded that, in addition to the errors the plaintiffs identified in their motion papers as points F, G and H, the ITA may have committed other "mathematical errors * * * to which plaintiffs ha[d] not alluded."[7] In section "F–H" of their response to plaintiffs' motion for judgment on the record, the defendants had agreed to correct any such errors upon remand to the ITA.[8] The court incorporated this agreement in its remand order by reference to those points "F, G and H". *See* Slip Op. 87–29.

Quite properly, the defendants have recognized again their obligation to correct any mistakes—upon a second remand, which is the route both they and the intervenor-defendants have requested. Any suggestion by plaintiffs' counsel that this court has no choice but to knowingly affirm a determination which the ITA has conceded still contains mistakes is summarily rejected as inimical to the interest of ensuring a just end to the litigation they started.

## II

Intervenor-defendants' second claimed error is that the ITA failed to account for the differentiation in costs associated with producing higher quality raspberries versus "juice-stock" berries in its comparison of Jesse's cost of production with with average home-market sales. The court concludes that this contention, though not untimely in view of Slip Op. 87–29,[9] does not amount to reversible error.

---

[3]"[W]e must challenge [the ITA's] failure to add to 'U.S. price' the *drawback of Canadian import duties* on the drums used by Abbotsford to pack red raspberries." Intervenors' Reply, pp. 3–4 (emphasis in original).

[4]"ITA neglected to make the proper adjustment to Jesse's foreign market value for differences in credit costs between the U.S. and Canadian market." *Id.* at 12

[5]"ITA has perpetuated a glaring mistake * * * by comparing constructed value with a *Canadian* sale by Jesse * * * to determine its antidumping margin." *Id* at 11 (emphasis in original).

[6]"ITA omitted all of the Canadian sales of raspberries in pails from its calculation of [Mukhtiar's] foreign market value " *Id* at 12.

[7]Memorandum of Points and Authorities in Support of Defendants' Partial Opposition to Plaintiffs' Motion for Judgment Upon the Agency Record, p. 42

[8]*See id*

[9]The court cannot and therefore does not reach the same conclusion as to the timing of intervenor-defendants' present attempted reliance on *Toho Titanium Co.* v. *United States,* 11 CIT 160, 657 F.Supp. 1280 (1987). *See* section 773(b) of the Trade Agreements Act of 1979, 19 U.S.C. § 1677b(b).

The claim essentially is that differences in the costs attributed to the two grades of raspberries grown at the farms from which Jesse purchased the product under investigation should be reflected in the ITA's methodology, notwithstanding that such a distinction was not reflected in Jesse's transaction prices. That position, however, was rejected by inference in the court's review of the original determination which resulted in the conclusion that the ITA's disregard of those transaction prices was not in accordance with law.

In compliance with Slip Op. 87–29, the ITA used on remand the average price of the raspberries purchased from the farms in calculating Jesse's cost of production. Without evidence indicating that that cost of production was affected by a cost distinction allocated between the two grades of raspberries at the grower level, the court cannot conclude that the ITA did not act in accordance with law by comparing that cost of production with the average price Jesse received on home-market sales of the lower-grade berries. Furthermore, the ITA was not obligated on remand to modify its methodology of comparing cost of production with home-market sales in order to account for such distinctions by factoring in prices Jesse received for a product not under investigation in the calculation of average home-market sales.

### III

The plaintiffs have requested that the court order the defendants to "immediately suspend liquidation of Abbotsford's entries pending publication of the redetermination in the *Federal Register*." Plaintiffs' Rebuttal to Intervenors' Reply Brief, p. 13. At oral argument, the defendants offered to acquiesce in this request for a period of 30 days. While this offer is in the interest of orderly further proceedings, the intervenor-defendants, as is their right, have objected to grant of such equitable relief. They contend in their papers filed on June 25, 1987 that the plaintiffs have not met the traditional "four-pronged test"[10] set forth, for example, in *Zenith Radio Corporation* v. *United States*, 710 F.2d 806, 809 (Fed.Cir. 1983). The court concurs.

One of the four showings required of applicants like the plaintiffs is their likelihood of success on the merits. The precise issue now in this action is whether, upon further remand, an ITA redetermination of a dumping margin of .42 percent for Abbotsford would be *de minimis* in the light of *Carlisle Tire & Rubber Co.* v. *United States*, 10 CIT 301, 634 F.Supp. 419 (1986). In accordance with that case, resolution of the question is the responsibility of the ITA. In any event, the plaintiffs have failed to convince this court that their view—.42 percent is not *de minimis* on the facts herein—is so likely

---

[10]Intervenors' Reply to Plaintiffs [*sic*] and Defendants' Responses to Intervenors' Comments on Remand Determination, pp 10, 12.

to prevail as to warrant grant in the interim of the extraordinary relief requested.

Failure to bear the burden on likelihood of success on the merits, or on any one of the other criteria, requires denial of the relief. *See, e.g., Bomont Industries* v. *United States,* 10 CIT 431, 638 F.Supp. 1334, 1340 (1986); *National Corn Growers Association* v. *Baker,* 9 CIT 571, 623 F.Supp. 1262, 1275 (1985); *American Air Parcel Forwarding Company* v. *United States,* 6 CIT 146, 152, 573 F.Supp. 117, 122 (1983). Were the law otherwise, suffice it to state here that the plaintiffs have not satisfied their burden on the three other points either. The request for suspension of liquidation of Abbotsford entries must therefore be denied.

## CONCLUSION

This matter is remanded to the ITA for further proceedings consistent with the foregoing Point I. Corrections of the four clerical errors are to be made on or before July 6, 1987. A disclosure conference among the parties shall take place within three working days thereafter, whereupon the plaintiffs and the intervenor-defendants shall have seven days in which to submit comments to the ITA regarding its corrections. Then the defendants shall have seven days to report to the court their redeterminations of the errors remanded.