SLIP OP. 03-98

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: RICHARD K. EATON, JUDGE

—————————————————————

FUYAO GLASS INDUSTRY GROUP CO., LTD.,
GREENVILLE GLASS INDUSTRIES, INC.,
SHENZHEN BENXUN AUTOMOTIVE GLASS
CO., LTD., TCG INTERNATIONAL, INC.,
CHANGCHUN PILKINGTON SAFETY GLASS
CO., LTD., GUILIN PILKINGTON SAFETY
GLASS CO., LTD., WUHAN YAOHUA
PILKINGTON SAFETY GLASS CO., LTD., AND
XINYI AUTOMOTIVE GLASS (SHENZHEN)
CO., LTD.,

        PLAINTIFFS,

        V.

UNITED STATES,

        DEFENDANT,

        AND

PPG INDUSTRIES, INC., SAFELITE GLASS
CORPORATION, AND VIRACON/CURVLITE, A
SUBSIDIARY OF APOGEE ENTERPRISES, INC.,

        DEF.-INTERVENORS.

—————————————————————

CONSOL. COURT NO. 02-00282

[Fuyao Glass Industry Group Co., Ltd. and Greenville Glass Industries, Inc.'s motion for preliminary injunction denied.]

Decided: July 31, 2003

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Bruce M. Mitchell* and *Jeffrey S. Grimson*), for plaintiffs Fuyao Glass Industry Group Co., Ltd., and Greenville Glass Industries, Inc.

*Garvey, Schubert & Barer* (*William E. Perry* and *John C. Kalitka*), for plaintiffs Shenzhen Benxun Automotive Glass Co., Ltd., and TCG International, Inc.

*Pepper Hamilton,LLP* (*Gregory C. Dorris*), for plaintiffs Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd., and Wuhan Yaohua Pilkington Safety Glass Co., Ltd.

*White & Case* (*William J. Clinton* and *Adams C. Lee*), for plaintiff Xinyi Automotive Glass (Shenzen) Co., Ltd.

*Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*A. David Lafer*), for defendant United States.

*Stewart & Stewart* (*Terence P. Stewart*, *Alan M. Dunn*, and *Eric P. Salonen*), for defendant-intervenors PPG Industries, Inc., Safelite Glass Corporation, and Viracon/Curvlite, a subsidiary of Apogee Enterprises, Inc.

OPINION

EATON, *JUDGE*:  This motion shares some of the issues and facts with the motion for a preliminary injunction made by Xinyi Automotive Glass (Shenzen) Co., Ltd., which motion was denied in an opinion of this court dated July 31, 2003.  *See Xinyi Automotive Glass, (Shenzen) Co. v. United States*, 27 C.I.T. __, Slip Op. 03-99 (July 31, 2003).  As such, much of each opinion repeats the other.  The factual situations are sufficiently different, however, that for purposes of clarity the court is issuing two separate opinions.

Fuyao Glass Industry Group Co., Ltd. and Greenville Glass Industries, Inc. ("Applicants"), move for a preliminary injunction to enjoin liquidation of certain entries of automotive replacement glass windshields (the "Subject Merchandise") pending a final decision on the merits in the underlying action.  PPG Industries, Inc., Safelite Glass Corp., and

Viracon/Curvlite, a subsidiary of Apogee Enterprises, Inc. ("Defendant-Intervenors"), object to the issuance of a preliminary injunction. The court has the authority to grant the requested relief. *See* 28 U.S.C. § 1585 (2000); 28 U.S.C. § 2643(c)(1) (2000); *see also* The All Writs Act, 28 U.S.C. § 1651(a) (2000). For the reasons set forth below, the court denies Applicants' motion.[1]

### DISCUSSION

Injunctive relief is an "extraordinary remedy" that is to be granted sparingly. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (citing *R.R. Comm'n of Tx. v. Pullman Co.*, 312 U.S. 496, 500 (1941)); *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993); *PPG Indus., Inc. v. United States*, 11 C.I.T. 5, 6 (1987) (citing *Am. Air Parcel Forwarding Co. v. United States*, 1 C.I.T. 293, 298, 515 F. Supp. 47, 52 (1981)). Applicants bear the burden of establishing that: (1) absent the requested relief, they will suffer immediate irreparable harm; (2) there exists in their favor a likelihood of success on the merits; (3) the public interest would be better served by the requested relief; and (4) the balance of the hardships on all parties tips in their favor. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983) (citing *S.J. Stile Assocs. v. Snyder*, 646 F.2d 522, 525 (C.C.P.A. 1981); *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)); *Corus Group PLC v. Bush*, 26 C.I.T. __, __, 217 F. Supp. 2d 1347, 1353 (2002) (citing *Zenith*, 710 F.2d at 809). The court in its analysis

---

[1] In the action underlying this motion Applicants, along with Shenzhen Benxun Automotive Glass Co., Ltd., TCG International, Inc., Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd., Wuhan Yaohua Pilkington Safety Glass Co., Ltd., and Xinyi Automotive Glass (Shenzen) Co., Ltd., challenge certain aspects of the United States Department of Commerce's ("Commerce" or "Department") antidumping order covering automotive replacement glass windshields. *See* Auto. Replacement Glass Windshields from the P.R.C., 67 Fed. Reg. 16,087 (ITA Apr. 4, 2002) (antidumping duty order).

of these factors employs a "sliding scale" and, consequently, need not assign to each factor equal weight. *Corus*, 26 C.I.T. at __, 217 F. Supp. 2d at 1353–54 (citing *Chilean Nitrate Corp. v. United States*, 11 C.I.T. 538, 539 (1987)); *id.*, 26 C.I.T. at __, 217 F. Supp. 2d at 1354 (quoting *FMC Corp.*, 3 F.3d at 427) ("If a preliminary injunction is granted by the trial court, the weakness of the showing regarding one factor may be overborne by the strength of the others . . . . [Conversely], the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned to other factors, to justify [its] denial."). Notwithstanding, the crucial element is that of irreparable injury. *Id.*, 26 C.I.T. at __, 217 F. Supp. 2d at 1354 (citing *Elkem Metals Co. v. United States*, 25 C.I.T. __, __, 135 F. Supp. 2d 1324, 1329 (2001); *Nat'l Hand Tool Corp. v. United States*, 14 C.I.T. 61, 65 (1990)); *see also Beacon Theatres, Inc, v. Westover*, 359 U.S. 500, 506–07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Bomont Indus. v. United States*, 10 C.I.T. 431, 437, 638 F. Supp. 1334, 1340 (1986) (citing *Nat'l Corn Growers Ass'n. v. Baker*, 9 C.I.T. 571, 585, 623 F. Supp. 1262, 1275 (1985); *Am. Air Parcel Forwarding Co. v. United States*, 6 C.I.T. 146, 152, 573 F. Supp. 117, 122 (1983)) ("Failure of an applicant to bear its burden of persuasion on irreparable harm is ground to deny a preliminary injunction, and the court need not conclusively determine the other criteria."). The court, having considered the requisite factors, concludes that Applicants have not established a clear showing that they are entitled to the requested relief.


A.     *Irreparable harm*

Applicants advance a sole ground for a finding of irreparable harm which, set forth in its

entirety, reads:

> Plaintiffs contest certain factual findings and legal conclusions in the final determination of the antidumping duty investigation of automotive replacement glass windshields from the People's Republic of China (Case No. A-570-867). Unless this Court grants an injunction to prevent liquidation, some or all of the subject entries could be liquidated with substantial antidumping duties assessed *in the event that no administrative review is requested of FYG's exports and entries during the first "anniversary month" of the Antidumping Order (April 2003).*[2] Such liquidations prior to this Court's final decision would constitute "irreparable injury" to plaintiffs.

Pls.' Mem. Supp. Mot. Prelim. Inj. ¶ 1 ("Pls.' Mem.") (emphasis added) (citing *Zenith*, 710 F.2d at 811). Thus, Applicants' entire motion is based on the notion that "in the event that no administrative review is requested of FYG's exports and entries," then "some or all of the subject entries could be liquidated with substantial antidumping duties assessed . . . ." *Id.* Here, it is not necessary for the court to determine what validity this claim might have, based on the eventuality that no administrative review were requested, because Applicants themselves requested such a review. On April 7, 2003, Commerce published a notice of opportunity to request administrative review of the antidumping duty order covering the Subject Merchandise. *See* Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation, 68 Fed. Reg. 16,761, 16,761 (ITA Apr. 7, 2003) (opportunity to request admin. rev.) ("In accordance with section 351.213(b) of the regulations, an interested party . . . may request in writing that the Secretary conduct an administrative review."). By letter dated April 30, addressed to Donald L. Evans, Secretary of Commerce, International Trade Administration, counsel for Applicants advised that

---

2        19 U.S.C. § 1675(a) (2000) provides for periodic review of the amount of an antidumping duty, upon request.

> [o]n behalf of Fuyao Glass Industry Group Company, Ltd.
> ("FYG"), we hereby request, in accordance with the Department's
> notice published in the *Federal Register* ,that the Department
> conduct an administrative review of sales and entries of subject
> merchandise exported by FYG covered by the antidumping duty
> order on Automotive Replacement Glass Windshields from the
> People's Republic of China. For FYG, the period of review should
> be September 19, 2001 through March 31, 2003[.]

*See* Opp'n of Def.-Intervenors to Pl. FYG's Mot. Prelim. Inj. Ex. 1 at 1 (citation omitted).[3] On

May 21, a notice of initiation was published in the Federal Register which reads, in relevant part:

> The Department has received timely requests, in accordance with
> 19 CFR 351.213(b) (2002), for administrative reviews of various
> antidumping and countervailing duty orders and findings with
> April anniversary dates . . . .
>
> *Initiation of Reviews*
>
> In accordance with section 19 CFR 351.221(c)(1)(i), we are
> initiating administrative reviews of the following antidumping and
> countervailing duty orders and findings. . . .
>
> The People's Republic of China: Automotive Replacement Glass
> Windshields A-570-867 . . . , Fuyao Glass Industry Group
> Company, Ltd. . . . .

Initiation of Antidumping and Countervailing Duty Admin. Revs. and Request for Revocation in

Part, 68 Fed. Reg. 27,781, 27,781 (ITA May 21, 2003) (notice) (footnote omitted).

By statute, "[t]he determination [resulting from the review] shall be the basis for the

assessment of countervailing or antidumping duties on entries of merchandise covered by the

---

[3]     Applicants themselves did not alert the court to the existence of this letter.
Indeed, as Applicants' motion was filed with this court after their letter was sent to Commerce it
would appear that the "allegations and other factual contentions" contained the motion do not
have the requisite "evidentiary support" required by the rules of this Court. *See* USCIT R.
11(b)(3).

determination . . . ." 19 U.S.C. § 1675(a)(2)(C). As stated in Commerce's regulations:

> Unlike the systems of some other countries, the United States uses a "retrospective" assessment system under which final liability for antidumping and countervailing duties is determined after merchandise is imported. Generally, the amount of duties to be assessed is determined in a review of the order covering a discrete period of time. If a review is not requested, duties are assessed at the rate established in the completed review covering the most recent prior period or, if no review has been completed, the cash deposit rate applicable at the time merchandise was entered.

*See* 19 C.F.R. § 351.212(a) (2003). Thus, because Applicants' sole claim with respect to "immediate irreparable harm" has been mooted by Applicants' own action in requesting an administrative review, they have not sustained their burden of proof as to this factor. *Zenith*, 710 F.2d at 809.

B.      *Likelihood of success on the merits*

"The failure . . . to establish irreparable harm significantly raises the burden imposed on [p]laintiff to prove a likelihood of success on the merits." *Shandong Huarong Gen. Group Corp. v. United States*, 24 C.I.T. 1286, 1292, 122 F. Supp. 2d 143, 148 (2000) (citing *FMC Corp.*, 3 F.3d at 427). Put differently, a movant that fails to establish the danger of immediate irreparable harm cannot satisfy its showing as to a likelihood of success on the merits by merely "rais[ing] questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation." *Am. Air Parcel*, 1 C.I.T. at 298, 515 F. Supp. at 52 (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)); *see also Ugine-Savoie Imphy v. United States*, 24 C.I.T. 1246, 1251, 121 F. Supp. 2d 684, 690 (2000) (citing *PPG Indus.*, 11 C.I.T. at 8; *Floral Trade Council v.*

*United States*, 17 C.I.T. 1022, 1023 (1993)) ("Where it is clear that the moving party will suffer substantially greater harm by the denial of the preliminary injunction than the non-moving party would by its grant, it will ordinarily be sufficient that the movant has raised 'serious, substantial, difficult and doubtful questions . . . .'"). Applicants' complaint does, in fact, raise serious issues, including questions regarding Commerce's Final Determination in its antidumping duty investigation with respect to its "reason to believe or suspect" finding, as well as an allegation that Commerce engaged in inappropriate *ex parte* communications. *See* Compl. ¶¶ 11, 13, 15, 18. Nonetheless, other than directing the court's attention to two recent cases remanded by this Court, *see* Pls.' Mem. at 3 (citing *China Nat'l Mach. Imp. & Exp. Corp. v. United States*, 27 C.I.T. __, Slip Op. 03-16 (Feb. 13, 2003); *Luoyang Bearing Factory v. United States*, 27 C.I.T. __, Slip Op. 03-41 (Apr. 14, 2003)), Applicants make no showing tending to demonstrate that this factor should favor them. Indeed, Applicants make no effort, either by argument, or by establishing facts by affidavit or otherwise, demonstrating their entitlement to relief based on this factor. Thus, "[t]his is not a case where a decision in plaintiff[s'] favor on the merits can be predicted." *Chilean Nitrate*, 11 C.I.T. at 540. Given the absence of a showing of irreparable injury it would be particularly "inappropriate to resolve [these questions] . . . according to a likelihood of success on the merits standard." *Techsnabexport, Ltd. v. United States*, 16 C.I.T. 420, 429, 795 F. Supp. 428, 437 (1992); *see also Bomont*, 10 C.I.T. at 434, 638 F. Supp. at 1340 ("[T]he court is not persuaded now that the plaintiff is so likely to succeed on the merits as to make the showing of irreparable harm a conceptual formality."). Thus, this factor does not favor Applicants.

C.      *The public interest*

Applicants claim that the public interest favors their motion since "the injunction will preserve the serious questions raised by plaintiffs with respect to the appropriate liquidation of plaintiffs' entries."  Pls.' Mem. at 4.  Here too Applicants' own actions have tended to defeat their claim as they have requested the review that will halt liquidation.  Unlike the Applicant in *Xinyi*, *see Xinyi*, 27 C.I.T. at __, Slip Op. 03-99 at 4–5, Applicants make no argument with respect to injury that might result were its request for the administrative review withdrawn.  Here, Applicants' prayer for relief relies solely on the injury that might occur should no request for an administrative review be made.  This request having been made, any arguments Applicants might have made with respect to the public policy factor have been rendered moot together with their arguments with respect to irreparable harm.

D.      *Balance of the hardships*

With respect to the relative hardships on the parties, Applicants reiterate their claims made with respect to irreparable injury.  Pls.' Mem. at 2–3.  However, just as the prospect of such injury has been mooted by Applicants' own actions, so too has the possibility of Applicants' hardship.  Therefore, Applicants have failed to demonstrate that this factor should be weighed in their favor.  *See Techsnabexport*, 16 C.I.T. at 429, 795 F. Supp. at 437 ("As plaintiffs have the burden on this issue, the hardships are presumed to balance.").

CONCLUSION

For the foregoing reasons, the court finds that Applicants have failed to meet their burden

with respect to each of the four prongs of the test for preliminary injunctive relief.  Accordingly,

Applicants' motion for preliminary injunction is denied.

_____
Richard K. Eaton, Judge

Dated: July 31, 2003
      New York, New York